# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 12-0270** (Taylor County 11-F-36)

**Raymond Bearer,**
**Defendant Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Raymond Bearer's appeal, filed by counsel Roger Curry, arises from the Circuit Court of Taylor County, which sentenced petitioner to one to five years in prison for his third offense domestic battery. This order was entered on January 31, 2012. The State, by its attorney Benjamin F. Yancey III, has filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March and May of 2007, petitioner committed two separate instances of domestic battery. Subsequently, petitioner was convicted of these charges in July and August of 2007. His conviction in July of 2007 concerned the May incident of domestic battery, and his conviction in August of 2007 concerned the March incident of domestic battery. The first time petitioner was sentenced for domestic battery, the circuit court sentenced petitioner to sixty days in jail but suspended this sentence in lieu of probation. The second time petitioner was sentenced for domestic battery, the circuit court sentenced petitioner to spend forty-eight hours in jail. In January of 2011, petitioner committed another act of domestic battery and was consequently charged and indicted under West Virginia Code § 61-2-28(d)(2010 Repl. Vol.). Petitioner entered a conditional guilty plea in December of 2011, admitting guilt to the instant domestic battery but reserving the right to appeal the issue of whether he is subject to the sentence of one to five years in prison for third offense domestic battery. Following this plea, the circuit court sentenced petitioner to one to five years in prison after petitioner expressed that he would be unwilling to participate in a community corrections program rather than going to prison. Petitioner appeals this decision.

Petitioner argues that the statute under which he was sentenced, West Virginia Code § 61-2-28(d), is not unlike the general recidivist statute, West Virginia Code § 61-11-18. Specifically, petitioner argues that under the general recidivist statute, case law directs that each offense counted toward recidivism must have occurred subsequent to each prior conviction used

1

in determining recidivism. *See* Syl. Pt. 8, *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978). Petitioner argues that, therefore, the instant domestic battery charge should be considered his second, not his third, because he was not convicted for the first incident of domestic battery until after he was convicted for the second incident of domestic battery. He argues that he should have been sentenced for second offense domestic battery under W.Va. Code § 61-2-28(c).

In response, the State contends that the circuit court did not err in finding petitioner guilty of third offense domestic battery. The State argues that statutory language and case law concerning the recidivist statute do not apply to determine third offense domestic battery. The State points out that, in its order dismissing petitioner's argument, the circuit court found that West Virginia Code § 61-2-28(d) requires three convictions of domestic battery, domestic assault, malicious assault, or unlawful restraint in any combination within ten years, and does not require that any of the three convictions resolve in sequence.

> In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W.Va. Ethics Comm'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Upon our review, the Court finds no error in the circuit court's decision to reject petitioner's argument that his third offense domestic battery should have been considered his second offense domestic battery. The language of West Virginia Code § 61-2-28(d) is clear and it is undisputed that petitioner was previously convicted on two domestic battery charges prior to the instant domestic battery charge.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis